UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-10-MOC-WCM

| | |
|---|---|
| BRENT MCMAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| JOSEPH JONES, ) | |
| GRAHAM COUNTY SHERRIFF'S ) | |
| OFFICE, ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Claim, filed by Defendant Joseph Jones. (Doc. No. 5). For the following reasons, this Court sua sponte remands this action to state court.

## I. BACKGROUND AND DISCUSSION

Plaintiff Brent McMahan filed this action in the Superior Court of Graham County, alleging various state law claims against Defendants based on Plaintiff's termination from employment, including wrongful termination. Plaintiff also alleged one federal law claim, a violation of a federal whistleblower statute, 41 U.S.C. § 4712. On January 11, 2021, Defendant removed the action to this Court based on federal question jurisdiction, under 28 U.S.C. § 1331. Defendant filed a motion to dismiss on February 17, 2021, seeking dismissal of Plaintiff's state law wrongful termination claim. Plaintiff subsequently moved to dismiss his sole federal law claim, and the Court has granted the motion to dismiss that claim. (Doc. No. 11).

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide

1

cases when they have been given the authority to do so by the Constitution and by federal statute. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there. Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). If it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court shall remand the case to state court. Townsquare Media, Inc. v. Brill, 652 F.3d 767, 768 (7th Cir. 2011); 28 U.S.C. § 1447(c). Additionally, unlike procedural defects in removal, plaintiffs cannot waive jurisdictional defects and the court may sua sponte remand the action. See Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 392 (1998).

Here, Plaintiff has taken a voluntary dismissal of the only federal claim in this action. Thus, only state law claims remain in this action. Defendant removed this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court no longer has subject matter jurisdiction over this action, and the Court therefore sua sponte remands this action to state court.[1] Accord Fleeman v. Toyota Motor Sales, U.S.A., Inc., 288 F. Supp. 2d 726, 727 (S.D.W. Va. 2003) (where the defendant removed the case based on federal question jurisdiction flowing from plaintiff's allegations of violation of a federal statute, and where plaintiff moved to dismiss the federal claim, sua sponte remanding the action to state court).

**II.      CONCLUSION**

This matter is remanded to state court.

---

[1] To this end, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3).

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 5), is **DENIED** as moot, and this action is remanded to state court.

Signed: March 11, 2021

Max O. Cogburn Jr.
United States District Judge